IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WAL-MART STORES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-2424-CM |
| ) | |
| NEW TECHNOLOGY RESOURCES, INC., ) | |
| d/b/a MILLENIA WALL SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff moves to strike defendant's expert witness designation for failure to comply with Federal Rule of Civil Procedure 26(a)(2). Defendant did not respond to plaintiff's motion and the deadline for doing so has passed. D. Kan. Rule 6.1(d). Accordingly, the court considers and decides plaintiff's motion as unopposed and grants it without further notice. *See id.* at 7.4(b).

Even on the merits, plaintiff's motion would be granted. Federal Rule of Civil Procedure 26(a)(2)(B) outlines the disclosure requirements for expert witnesses that are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony[.]" Fed. R. Civ. P. 26(a)(2)(B). This rule requires a party to disclose to the other parties the identity of any expert witnesses and, along with the disclosure, to provide a written report that contains "(i) a complete statement of all opinions the witness will express and the basis and reason for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a

statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

The original scheduling order in this case required defendant to make these disclosures by February 15, 2012.  Defendant moved to extend this deadline to June 1, 2012, which the court granted.  On May 31, 2012, defendant designated Robert L. Parsons, Ph.D., P.E.  The designation contained a general description of Dr. Parsons's proposed testimony and his hourly rate.  Defendant also attached Dr. Parsons's resume, which described his qualifications and listed his publications, activities, awards, and honors.

Because defendant's designation failed to comply with several aspects of Rule 26(a)(2), plaintiff contacted defendant.  The parties did not resolve this issue, so plaintiff filed technical objections on June 6, 2012, and the current motion on June 28, 2012.

After reviewing the designation sent on May 31, 2012, the court agrees that defendant failed to comply with the disclosure requirements outlined in Rule 26(a)(2).  Specifically, defendant did not provide: a complete statement of all opinions that Dr. Parsons will express or the basis and reason for them; the facts or data considered by Dr. Parson in forming these opinions; and the exhibits that Dr. Parson will use to summarize and support his opinions.  To date, nothing in the record indicates that defendant has corrected these deficiencies.

Pursuant to Federal Rule of Civil Procedure 37(c), a party that fails to provide information or identify a witness as required by Rule 26(a) is not allowed to use that witness at trial unless the failure was substantially justified or harmless.  Defendant, as the party whose disclosure is deficient, has the burden to establish that the failure was substantially justified or harmless.  *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).  In making this determination, the court considers the factors outlined

in *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.2d 985, 993 (10th Cir. 1999).

Defendant fails to satisfy this burden. Defendant offers no excuse for failing to provide the required information or meet the extended deadline. In addition, defendant's failure is not harmless and prejudices plaintiff. For example, plaintiff cannot determine whether a rebuttal report is needed, whether additional experts need to be designated, and whether additional discovery is required. These concerns are significant because discovery closes at the end of this month and a trial date has been set. Admittedly plaintiff knows the identity of defendant's expert, but plaintiff is unable to prepare for an effective deposition of Dr. Parsons without the additional information required by Rule 26(a)(2)(B).

Plaintiff timely retained an expert witness and served his report. Defendant failed to do the same and has not made any apparent effort to fix the deficiencies outlined above. Based on this behavior, the court can only conclude that defendant is simply ignoring the court's rules. The court recognizes that exclusion of an expert is a harsh result, but defendant makes no effort to avoid this outcome. Accordingly, plaintiff's motion is granted.

**IT IS THEREFORE ORDERED** that WalMart Stores, Inc. Motion To Strike Defendant's Designation Of Expert (Doc. 41) is granted.

Dated this 17th day of August, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge